UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LYNELL WILLIS JR.**                                                                             **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:20-CV-409-CRS**

**UNIVERSAL RECORDS**                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* action initiated by Plaintiff Lynell Willis, Jr. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 4) is **GRANTED**.

## I.

Plaintiff completed a Court-supplied civil complaint form. He names Universal Records as the Defendant in this action. On the form, he states that the basis for federal-question jurisdiction is: "Money Loitering, Harassment/Stalking F.B.I. United States Marshall (self) kidnap as well." Under the "Amount in Controversy" section he writes: "Business close, full production of albums, incarceration, reimbursement of money for works 15K, incarceration work colleages." In the "Statement of the Claim" section of the complaint form, Plaintiff writes: "Having the same producer for Colmbia Recs. The producer and persons named in kidnapping an the two companies and contracts together w/ the plot of murder forcing me to sign w/ the intention of kidnapp." Finally, in the "Relief" section of the complaint, Plaintiff states: "Harassment. Check, check/bank statement under Aaliyah Haughton/ Hunnington. Investigate 2001 plane crash, contact the suppoesdly members of the alledge victim. Seeks $220,000.00 in damages for kidnap, ruined career, posted lies, unofficial no help."

## II.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The Court finds that Plaintiff's allegations of attempted murder, kidnapping, and a lost music career are frivolous.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

## III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: July 15, 2020

cc: Plaintiff, *pro se*
      Defendant
4411.011

**Charles R. Simpson III, Senior Judge**
**United States District Court**

2